UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BONNI JESSE,

      Plaintiff,

vs.

MICHAEL STARKEY,
NIAGARA MACHINE, INC. and
MICHIGAN INSURANCE COMPANY,

      Defendants.
_____/

Case No: 20-CV

Hon.

**Marc J. Mendelson P-52798**
**Matthew R. Bates P-72004**
MIKE MORSE LAW FIRM
Attorneys for Plaintiff
24901 Northwestern Hwy # 700
Southfield, Michigan 48075-1816
(248) 281-9143
Matthew@855mikewins.com
LKiesznowski@855mikewins.com (Leslie)
_____/

## COMPLAINT

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge. MCR 1.109(D)(2)(a)(i).

      /s/ MATTHEW R. BATES
      Marc J. Mendelson P-52798
      Matthew R. Bates P-72004

NOW COMES Plaintiff, Bonni Jesse, by and through her attorneys, Mike Morse Law Firm, and for her Complaint against the above named Defendants, Michael Starkey, Niagara Machine, Inc. and Michigan Insurance Company, states as follows:

## THE PARTIES

1.     Plaintiff, Bonni Jesse, is a resident of the City of Southgate, County of Wayne, State

of Michigan.

2. Defendant, Michael Starkey, upon information and belief, is a resident of Stow, County of Summit, State of Ohio.

3. Defendant, Niagara Machine, Inc., is a Pennsylvania corporation with its principal place of business in Pennsylvania, doing business pursuant to the laws of the State of Michigan, and this Defendant conducts business in the County of Wayne, State of Michigan.

4. Defendant, Michigan Insurance Company, is an insurance company, licensed to conduct business in the State of Michigan, and this Defendant conducts business in Wayne County, Michigan.

## JURISDICTION AND VENUE

5. Jurisdiction is vested in this Court by the diversity of citizenship of the parties and 28 U.S.C. §1332.

6. This Court has supplemental jurisdiction over Plaintiff's claims arising under the Michigan No-Fault Act pursuant to 28 U.S.C. §1367(a).

7. The underlying motor vehicle collision from which the above captioned Complaint arises, as more fully described below, occurred in the County of Wayne, State of Michigan, within the Eastern District of Michigan.

8. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and is otherwise within the jurisdiction of this Honorable Court.

## COUNT I
## NEGLIGENCE CLAIM AS TO DEFENDANT,
## MICHAEL STARKEY

9. Plaintiff hereby adopts and incorporates by reference each and every allegation contained in paragraphs l through 8 of this Complaint as if more specifically set forth herein word for

word, paragraph for paragraph.

10.     On or about March 8, 2018, Plaintiff, Bonni Jesse, was the operator of a 2012 Kia motor vehicle, bearing Michigan license plate number 3EA56, which motor vehicle was being driven in a careful and prudent manner on eastbound Ford Avenue, at or near the intersection of Fort Street, in the City of Wyandotte, County of Wayne, State of Michigan.

11.     At the aforementioned place and time, Defendant, Michael Starkey, was the operator of a 2010 Dodge Ram motor vehicle, bearing license plate number YHM2833, which motor vehicle said Defendant was driving in a careless, reckless and negligent manner on northbound Fort Street, at or near the intersection of Ford Avenue, in the City of Wyandotte, County of Wayne, State of Michigan, when said Defendant did strike Plaintiff's vehicle, causing serious and permanent injuries to Plaintiff, Bonni Jesse, as hereinafter alleged.

12.     On the aforementioned day and date, Defendant, Michael Starkey, owed a duty to operate his vehicle in a safe and careful manner in accordance with the Motor Vehicle Code of the State of Michigan and the Common Law and the Ordinances for the City of Wyandotte.

13.     Contrary to the duties owed to Plaintiff, Defendant, Michael Starkey, was negligent, careless and reckless in several respects, including the following:

(a)     Failing to operate the motor vehicle with due care and caution in violation of MCL 257.627;

(b)     Driving the vehicle carelessly and heedlessly with willful and wanton disregard for the safety and rights of others, MCL 257.626;

(c)     Failing to keep the motor vehicle constantly under control;

(d)     Failing to drive the vehicle on the roadway with due diligence and circumspection and to not endanger or be likely to endanger other persons or property, MCL 257.626(b);

(e)     Failing to attempt to stop the vehicle when Defendant knew or should

      have known that failure to do so would naturally and probably result in injury to Plaintiff;

(f) Failing to observe the roadway in front of Defendant's vehicle when Defendant knew, or should have known, that failure to observe Plaintiff's oncoming vehicle would endanger the life or property of other persons using the roadway;

(g) Failing to yield to all approaching vehicles, MCL 257.649;

(h) Failing to exercise reasonable and ordinary care to keep sharp lookout so as to avoid striking Plaintiff's vehicle;

(i) Failing to operate the motor vehicle on the roadway in a manner and at a rate of speed that would permit it to be stopped within a safe distance, MCL 257.627(l);

(j) Failing to make timely use of the braking system with which said vehicle is equipped;

(k) Failing to give audible warning of said motor vehicle when reasonably necessary to ensure its safe operation in violation of MCL 257.706;

(l) Operating said motor vehicle in excess of the posted limit in violation of MCL 257.628;

(m) Failing to stop for a steady red traffic light before entering an intersection in violation of MCL 257.6l2; and,

(n) Performing other acts of negligence not yet known to Plaintiff but will be ascertained during the discovery of said litigation.

  14. That as a result of said collision, Plaintiff, Bonni Jesse, did suffer, and will continue to experience for an indefinite time into the future, severe and excruciating pain and suffering, humiliation and embarrassment, loss of earnings, and loss of her natural enjoyments of life, due to her injuries which include but are not limited to: ***traumatic injuries to her neck, right hip, right leg and right foot, including fractures to her right foot resulting in*** *antivascular necrosis and requiring surgical intervention,* among others, all of which constitute a serious impairment of body function and/or serious, permanent disfigurement. Plaintiff suffered a serious impairment of body function.

Plaintiff's impairment is objectively manifested; is an impairment of an important body function; and it affects Plaintiff's general ability to lead her normal life.

15. In the event it should be determined that Plaintiff was suffering from any pre-existing conditions on the day and date of the incidents set forth in this Complaint, then, and in such event, it is averred that the negligence of Defendant exacerbated, precipitated and aggravated any such pre-existing conditions.

WHEREFORE, Plaintiff, Bonni Jesse, respectfully requests that judgment be entered in her favor against Defendant, Michael Starkey, for whatever amount in excess of $75,000.00 she is found to be entitled, as determined by the trier of fact, to fairly, adequately and fully compensate Plaintiff for her injuries and damages, together with interest, costs and reasonable attorney fees so wrongfully sustained.

## COUNT II
### NEGLIGENCE, OWNER'S LIABILITY and VICARIOUS LIABILITY CLAIM AS TO DEFENDANT, NIAGARA MACHINE, INC.

16. Plaintiff hereby adopts and incorporates by reference each and every allegation contained in paragraphs 1 through 15 of this Complaint as if more specifically set forth herein word for word and paragraph by paragraph.

17. On the aforementioned date and time, Defendant, Niagara Machine, Inc., was the owner of the 2010 Dodge Ram motor vehicle involved in the subject incident, and knowingly, willingly and negligently allowed same to be driven, operated, managed and/or controlled by Defendant, Michael Starkey, when Defendant, Niagara Machine, Inc., knew or should have known that he would not be able to control said vehicle in a safe and careful manner in accordance with the Motor Vehicle Code of the State of Michigan and the Common Law and the Ordinances for the City of Wyandotte, in direct disregard for the safety of Plaintiff, Bonni Jesse.

18. Defendant, Michael Starkey, was acting with the expressed and/or implied consent of Defendant, Niagara Machine, Inc.

19. Defendant, Niagara Machine, Inc., is liable under the Owners Liability Statute, MCL 257.401 et seq, for the negligence of Defendant, Michael Starkey.

20. On March 8, 2018, upon information and belief, Defendant, Michael Starkey, was acting within the course and scope of his employment with Defendant, Niagara Machine, Inc., when he negligently struck Plaintiff's vehicle while driving the 2010 Dodge Ram motor vehicle.

21. Based upon information and belief, Defendant, Niagara Machine, Inc., is vicariously liable under the doctrine of respondeat superior for the acts or omissions of Defendant, Michael Starkey, in that it employed the negligent driver, Defendant, Michael Starkey, and therefore, is responsible for all injuries arising from his negligence occurring within the course and scope of his employment.

WHEREFORE, Plaintiff, Bonni Jesse, respectfully requests that judgment be entered in her favor against Defendants, Michael Starkey and Niagara Machine, Inc., for whatever amount in excess of $75,000.00 she is found to be entitled, as determined by the trier of fact, to fairly, adequately and fully compensate Plaintiff for her injuries and damages, together with interest, costs and reasonable attorney fees so wrongfully sustained.

## COUNT III
## NEGLIGENT HIRING, RETENTION and SUPERVISION AS TO DEFENDANT, NIAGARA MACHINE, INC.

22. Plaintiff, Bonni Jesse, hereby adopts and incorporates by reference each and every allegation contained in paragraphs 1 through 21 of this Complaint as if more specifically set forth herein word for word and paragraph by paragraph.

23. On March 8, 2018, Defendant, Michael Starkey, was employed by Defendant, Niagara

6

Machine, Inc.

24. Defendant, Niagara Machine, Inc., is responsible for those negligent acts performed within the scope of Defendant, Michael Starkey's, employment.

25. Defendant, Niagara Machine, Inc., hired Defendant, Michael Starkey.

26. Defendant, Niagara Machine, Inc., had a duty to investigate Defendant, Michael Starkey, Defendant, Michael Starkey's, driving record and Defendant, Michael Starkey's, driving ability.

27. Defendant, Niagara Machine, Inc., failed to properly investigate Defendant, Michael Starkey, Defendant, Michael Starkey's, driving record and Defendant, Michael Starkey's, driving ability and made insufficient efforts to investigate whether or not Defendant, Michael Starkey, was a safe, fit and competent driver.

28. Defendant, Niagara Machine, Inc., knew, had reason to know or should have known, that Defendant, Michael Starkey, had a record and/or was a dangerous, reckless and incompetent driver, and that he would be likely to use the vehicle provided in an unsafe manner involving unreasonable risk of physical harm.

29. Defendant, Niagara Machine, Inc., knew or had reason to know or should have known that by hiring Defendant, Michael Starkey, his use of a motor vehicle could involve the risk of physical harm to others. The acts and omissions of Defendant, Niagara Machine, Inc. and/or Defendant, Michael Starkey, caused Plaintiff's injuries.

30. Defendant, Niagara Machine, Inc., failed to supervise or otherwise monitor, train, educate or discipline Defendant, Michael Starkey, with respect to unsafe operation of motor vehicles and failed to otherwise instill in him a sense of personal and professional responsibility and safety consciousness.

31.     The negligence of Defendant, Niagara Machine, Inc., in hiring and/or retaining and/or supervising Defendant, Michael Starkey, was a proximate cause of Plaintiff's injuries.

WHEREFORE, Plaintiff, Bonni Jesse, respectfully requests that judgment be entered in her favor against Defendant, Niagara Machine, Inc., and Defendant, Michael Starkey, for whatever amount in excess of $75,000.00 she is found to be entitled, as determined by the trier of fact, to fairly, adequately and fully compensate Plaintiff for her injuries and damages, together with interest, costs and reasonable attorney fees so wrongfully sustained.

## COUNT IV
## UNDERINSURED MOTORIST CLAIM AS TO DEFENDANT, MICHIGAN INSURANCE COMPANY

32.     Plaintiff hereby adopts and incorporates by reference each and every allegation contained in paragraphs 1 through 31 of this Complaint as if more specifically set forth herein word for word and paragraph by paragraph.

33.     Prior to and including March 8, 2018, Plaintiff was insured with Defendant, Michigan Insurance Company, under the provisions of an automobile insurance policy issued by Defendant that was then in effect in accordance with the provisions of the No-Fault Insurance Act, MCL 500.3101 et seq., which policy of insurance provided underinsured motorist coverage which was in effect on March 8, 2018.

34.     If the negligent tortfeasors, Defendant, Michael Starkey, and Defendant, Niagara Machine, Inc., have underlying bodily injury coverage, it will be insufficient to compensate Plaintiff for her injuries which would then obligate this Defendant to pay underinsurance coverage to Plaintiff, Bonni Jesse, for her March 8, 2018 motor vehicle collision and injuries.

35.     A claim for underinsured motorist benefits has been made in a timely fashion to Defendant, Michigan Insurance Company.

36. Defendant, Michigan Insurance Company, becomes liable for payment of underinsurance upon the negligent tortfeasors' proffering of their entire underlying bodily injury coverage.

37. Defendant has wrongfully denied and/or failed to pay underinsured motorist benefits to Plaintiff in their entirety and/or in a timely manner.

38. Because Defendant has possessed satisfactory proof of Plaintiff's losses for greater than 60 days and has improperly failed to pay this contractual benefit, then Defendant owes 12% penalty interest, per annum, pursuant to the Uniform Trade Practices Act, MCL 500.2001 *et seq.,* and *Nickola v MIC Gen'l Ins. Co.,* 500 Mich. 115, 894 NW2d 552, 560 (2017).

39. Plaintiff, Bonni Jesse, has suffered injuries in excess of the underlying bodily injury limits, if any, and Defendant is a proper party to this litigation for purposes of discovery, case evaluation and trial.

WHEREFORE, Plaintiff, Bonni Jesse, requests a judgment against Defendant, Michigan Insurance Company, for whatever amount in excess of $75,000.00 which the Court or jury determines to be fair, just and adequate compensation for damages, together with court costs, interest and attorney fees.

## COUNT V
## UNINSURED MOTORIST CLAIM AS TO DEFENDANT, MICHIGAN INSURANCE COMPANY

40. Plaintiff hereby adopts and incorporates by reference each and every allegation contained in paragraphs 1 through 39 of this Complaint as if more specifically set forth herein word for word and paragraph by paragraph.

41. On or about March 8, 2018, Plaintiff, Bonni Jesse, was insured with Defendant, Michigan Insurance Company, under the provisions of an automobile insurance policy issued by

9

Defendant that was then in effect in accordance with the provisions of the No-Fault Insurance Act, MCL 500.3101 et seq., and for which applicable premiums were paid.

42. Upon information and belief, Defendant, Michael Starkey, and Defendant, Niagara Machine, Inc., were uninsured motorists, as defined by the terms of the subject insurance policy with Michigan Insurance Company.

43. Under the terms and conditions of the automobile uninsured insurance policy, Defendant, Michigan Insurance Company, became obligated to pay uninsured motorist coverage to or on behalf of Plaintiff, if Plaintiff sustained a serious impairment of body function in an accident arising out of the ownership, operation, maintenance, or use of a motor vehicle, and the responsible tortfeasor was uninsured.

44. Sufficient proofs have been submitted to Defendant showing that the alleged uninsured motorist negligent driver and owner were uninsured and owned the vehicle at the time of the motor vehicle accident.

45. Plaintiff re-alleges all prior paragraphs and injuries relating to this motor vehicle accident.

46. Defendant has wrongfully denied and/or failed to pay uninsured motorist benefits to Plaintiff in their entirety and/or in a timely manner.

47. Defendant, Michigan Insurance Company, has refused to pay Plaintiff uninsured motorist benefits in the amount as provided under the terms of the insurance policy.

48. Because Defendant has possessed satisfactory proof of Plaintiff's losses for greater than 60 days and has improperly failed to pay this contractual benefit, then Defendant owes 12% penalty interest, per annum, pursuant to the Uniform Trade Practices Act, MCL 500.2001 et seq., and Nickola v MIC Gen'l Ins. Co., 500 Mich. 115, 894 NW2d 552, 560 (2017).

49. That if Defendant has an arbitration clause in their contract, then Plaintiff has demanded arbitration to which Defendant has wrongfully refused. Plaintiff asks this Court to order this matter into binding arbitration.

WHEREFORE, Plaintiff, Bonni Jesse, respectfully requests a judgment against Defendant, Michigan Insurance Company, for whatever amount in excess of $75,000.00 which the Court or jury determines to be fair, just and adequate compensation for damages, together with court costs, interest and attorney fees.

### COUNT VI
### CLAIM FOR FIRST PARTY BENEFITS AS TO DEFENDANT, MICHIGAN INSURANCE COMPANY

50. Plaintiff hereby adopts and incorporates by reference each and every allegation contained in paragraphs 1 through 49 of this Complaint as if more specifically set forth herein word for word and paragraph by paragraph.

51. Prior to and including March 8, 2018, Plaintiff was insured with Defendant, Michigan Insurance Company, under the provisions of an automobile insurance policy, issued by Defendant, that was then in effect in accordance with the provisions of the No-Fault Insurance Act (No-Fault Act), MCL 500.3101 et seq., and for which applicable premiums were paid.

52. Under the terms and conditions of the automobile insurance policy, Defendant became obligated to pay to or on behalf of Plaintiff certain expenses or losses if Plaintiff sustained bodily injury in an accident arising out of the ownership, operation, maintenance, or use of a motor vehicle.

53. On March 8, 2018, Plaintiff was involved in a motor vehicle collision which occurred in the City of Wyandotte, State of Michigan, in which collision Plaintiff sustained accidental bodily injuries within the meaning of Defendant's policy and the statutory provision of MCL 500.3105. Claim Number PAJ-MI-70-18-0730721 was assigned by Defendant and Plaintiff is entitled to benefits

under this policy.

54. As a result of the collision, Plaintiff has incurred:

    a. Reasonable and necessary expenses for care, recovery, or rehabilitation, pursuant to MCL 500.3107(1)(a);

    b. Loss of wages pursuant to MCL 500.3107(1)(b);

    c. Reasonable and necessary replacement services pursuant to MCL 500.3107(1)(c); and,

    d. Other personal protection benefits in accordance with the applicable no-fault provisions.

55. Reasonable proof for full payment of all personal protection insurance benefits has been or will be supplied, but Defendant has refused to pay or is expected to refuse to pay in the future.

56. Defendant has unreasonably refused to pay or has unreasonably delayed making proper payments to Plaintiff contrary to MCL 500.3142 and .3148 and continues to do so.

57. That in the event it should be determined that Plaintiff was suffering from any pre-existing conditions on the day and date of the incidents set forth in this Complaint, then, and in such event, it is averred that the aforementioned accident exacerbated, precipitated and aggravated any such pre-existing conditions, and Defendant is responsible for all no-fault benefits arising there from.

58. Defendant insurance company has wrongfully withheld payment of allowable expenses forcing Plaintiff, Bonni Jesse, to incur other expenses connected with the subject matter of this action, all of which expenses have been needlessly placed upon Plaintiff by the wrongful actions of Defendant. As such, Plaintiff is entitled to obtain from Defendant interest, costs and a reasonable attorney fee pursuant to the provisions of the no-fault statute.

59. Defendant has had sufficient information to pay all claims and did not do so within the statutory 30-day time period, set forth under the Michigan No-Fault Act. Therefore, Plaintiff is

entitled to attorney fees, costs and interest due to this breach. Plaintiff only seeks no-fault benefits that are past due and presently owed, and this Complaint does not seek future no-fault benefits.

    WHEREFORE, Plaintiff, Bonni Jesse, seeks judgment against Defendant, Michigan Insurance Company, in an amount in excess of $75,000.00 that is fair, just and reasonable, and which sums include all past-due and presently-owed No-Fault benefits together with interest, costs and no-fault attorney fees. This Complaint does not seek future no-fault benefits past the date that this lawsuit resolves by settlement or trial.

                                      Respectfully submitted,

                                      MIKE MORSE LAW FIRM
                                      Attorneys for Plaintiff

                                      /s/ MATTHEW R. BATES
                                      Marc J. Mendelson P-52798
                                      Matthew R. Bates P-72004
                                      24901 Northwestern Highway, Suite 700
                                      Southfield, Michigan 48075
                                      (248) 350-9050

Dated: December 14, 2020